# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOJING SHI,<br><br>        Petitioner,<br><br>       v.<br><br>LORETTA LYNCH, et al.,<br><br>        Defendants. | Case No. SA CV 15-2126 RGK (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses the action without prejudice as moot due to Petitioner's release from immigration detention and for failure of a pro se litigant to update her address with the Court.

\* \* \*

This is a habeas action commenced by a Chinese national who formerly was in immigration custody. Petitioner filed for habeas relief in late-December 2015 to effect her release from detention. (Docket # 1.) Magistrate Judge Wilner screened the petition and issued an order requiring a response from the government. (Docket # 3.) That order informed Petitioner, among other things, of her responsibility under Local Rule 41-6 to keep the Court informed of her current

contact information and that her failure to do so would subject her petition to dismissal. (Docket # 3 at 2.)

In mid-February 2016, the government filed a notice establishing that ICE officials recently released Petitioner from custody pending his removal from the United States. (Docket # 6 at 2.) She is subject to an Order of Supervision, and her release is subject to her complying with the terms of her release. (Docket # 6-1.) The government further suggested that the Court no longer has jurisdiction in the action because Petitioner's release rendered moot her claim for habeas release. (Docket # 6 at 2.)

Magistrate Judge Wilner directed Petitioner to file a response to the government's submission. (Docket # 7.) The United States Postal Service returned that order to the Court as undeliverable with the notation "no longer in custody" stamped on the outside of the mailing envelope. (Docket # 8.) Petitioner has not updated her address with the Court.

\* \* \*

Habeas corpus is a civil action that allows an individual in custody to challenge his or her confinement. An inmate's release typically renders a habeas action – which seeks the termination of custody – moot. See, e.g., Bonneau v. United States, 503 F. App'x 544, (9th Cir. 2013) (affirming dismissal of inmate's petition; petitioner "fully served the custodial portion of the sentences he is attacking at the time he filed his habeas petition[.] Therefore, the district court could not grant him any effective relief."); Marcelo v. Cate, 459 F. App'x 668 (9th Cir. 2011) (inmate released on parole cannot obtain habeas relief in federal court).

In the immigration context, a release from ICE custody will render a habeas action moot so long as a court is reasonably assured that that the petitioner "will not be re-detained" unless he or she violates the terms of release. De Gomez v. Baker, 606 F. App'x 409 (9th Cir. 2015) (citing Rodriguez v. Hayes, 591 F.3d

1105 (9th Cir. 2010)); see also Shetty v. Holder, 508 F. App'x 613 (9th Cir. 2013) ("The district court correctly dismissed Shetty's petition for habeas relief as moot after he was released from custody and his removal proceedings were terminated, as these were the primary forms of relief he sought in his habeas petition."). A habeas action rendered moot by agency action is properly dismissed for lack of jurisdiction. Mamigonian v. Biggs, 710 F.3d 936, 941 (9th Cir. 2013).

Additionally, Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

In the present action, the government convincingly demonstrates that Petitioner's release makes this action moot. The government's submission shows that Petitioner has been released from custody subject to the minimal terms of a release order. The Court notes that the evidence submitted in the De Gomez matter – a specific declaration from an immigration official – directly assured the district court of the limited circumstances under which the individual could be taken back into immigration custody. However, a fair reading of the materials supporting the government's application effectively provides the same level of assurance that Petitioner is not likely to be re-detained. That makes Petitioner's habeas action moot, and ends this Court's jurisdiction over the matter. Mamigonian, 710 F.3d at 941.

The Court also finds dismissal appropriate on the basis of Petitioner's failure to provide the Court with up-to-date contact information. As a result, the Court's order requiring a response was returned as undeliverable. The Court has no way of contacting Petitioner, and that demonstrates that she has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon his case by failing to update this Court with his current whereabouts, thereby preventing any feasible advancement of the case. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's initial order, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

Accordingly, for the above reasons, this action is DISMISSED without prejudice as moot and because the Petitioner failed to update her address with the Court as required by Rule 41(b) and Local Rule 41-6.

IT IS SO ORDERED.

Dated: February 26, 2016

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

5